IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CMH HOMES, INC.

                    Petitioner,

v.                                  CIVIL ACTION NO.   2:16-cv-10696

BOB'S HOME SERVICES, LLC., et al.,

                    Respondents.

## MEMORANDUM OPINION & ORDER

Pending before the court are the plaintiff CMH Homes, Inc.'s Petition to Confirm Arbitration Award and for Entry of Judgment [ECF No. 1] and Motion for Entry of Default Judgment [ECF No. 13]. The defendants did not respond to the Motions and have not otherwise made an appearance in this matter. For the reasons set forth below, the Petition to Confirm the Arbitration Award is **GRANTED** and the Motion for Default Judgment is **GRANTED**.

## I.    BACKGROUND

In August 2002, the defendants Bob's Home Service, LLC and Robert Southworth entered into an Independent Contractor Application and Agreement [ECF No. 1-1] ("Agreement") with the plaintiff CMH Homes, Inc. ("CMH") where the defendants agreed to construct CMH's manufactured homes for purchasers. According to the Agreement, the parties were to submit all disputes to binding arbitration, and further, the defendants were to defend and indemnify CMH should

CMH be sued for the defendants' actions or negligence. *See* Pet. Confirm Arb. Award Ex. 1, at 2 ¶¶ 6,7 [ECF No. 1-1] ("Agreement").

In 2012, two purchasers sued CMH for improper set up of their manufactured home and were awarded a judgment. In October 2015, CMH filed an arbitration claim against the defendants seeking recovery of that judgment and attorney's fees associated with its litigation of the claim in accordance with the defense and indemnity provision of the Agreement. *See* Pet. Confirm Arb. Award Ex. 3 [ECF No. 1-3] ("Demand for Arbitration"). CMH also sought recovery of attorney's fees in bringing the arbitration. *See id.* After an evidentiary hearing, Arbitrator Peter Wellin for the American Arbitration Association entered a "Partial Final Decision and Award" on June 13, 2016, awarding CMH $1,165,289.20 jointly and severally against the defendants. *See* Pet. Confirm Arb. Award Ex. 4, at 7–8 [ECF No. 1-4] ("Partial Final Award"). Later, on October 17, 2016, Wellin issued a "Final Decision and Award," awarding CMH $412,088.36 jointly and severally against the defendants, for attorney's fees and expenses in bringing the arbitration proceeding. *See* Pet. Confirm Arb. Award Ex. 5, at 5 [ECF No. 1-5] ("Final Award"). In total, Wellin issued CMH an award of $1,577,377.56 jointly and severally against the defendants.

On November 8, 2016, the plaintiff CMH filed a Petition to Confirm Arbitration Award and for Entry of Judgment [ECF No. 1] against the defendants for breach of the parties' Agreement in the amount of $1,577,377.56 plus post-award interest and attorney's fees. Pet. Confirm Arb. Award 5–6. The defendants were served on

December 21, 2016, but, to date, have failed to file any response or challenge to CMH's claim. On January 13, 2017, the Clerk of the Court entered an Order of Default [ECF No. 12] against the defendants, pursuant to Federal Rule of Civil Procedure 55(a). On January 23, 2017, CMH filed a Motion for Entry of Default Judgment [ECF No. 13]. The Motion for Entry of Default Judgment requests that the Court confirm the arbitration award of $1,577,377.56 and seeks post-judgement interest. The defendants did not respond to the Motions.

## II.     LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). Despite the Rules' preference for disposition of claims on the merits, "trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *Id.* (citations omitted). "When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff 'must show that it is entitled to confirmation of the arbitration award as a matter of law.'" *Choice Hotels Int'l, Inc. v. Austin Area Hosp.*, No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015) (quoting *United Comty. Bank v. Arruarana*, No. 1:10–cv–248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

## III.   DISCUSSION

The Federal Arbitration Act provides, in part:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Here, the Agreement contains an arbitration clause stating that "all resolutions of any conflicts arising under this [A]greement between Contractor and CMH will take place in conjunction with a binding arbitration process." Agreement ¶ 6. The Agreement does not specify what court may enter judgment on the award, but the arbitration evidentiary hearings were conducted in Charleston, West Virginia, within this district. Final Award 4. CMH has filed with the court all of the necessary documents as required by 9 U.S.C. § 13. Additionally, CMH filed for confirmation within a year after the arbitration award was issued. The parties are diverse and the amount in controversy is more than $75,000 as required by 28 U.S.C. § 1332(a). Thus, the court has jurisdiction to confirm the arbitration award.

The Fourth Circuit has articulated the standard for review of an arbitration award:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc.,* 800 F.

4

Supp. 312, 317 (D. Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act [("FAA")], or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc.,* 197 B.R. 513, 516 (E.D. Va.1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnotes omitted). "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set forth in § 10 of the Federal Arbitration Act." *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012). Section 10(a) of the FAA allows vacatur only

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In this case, CMH established that there was a valid contract between the parties requiring arbitration of "any conflicts arising under this agreement" and that its demand for arbitration arose from the defendants' breach of the indemnity and defense provision of the Agreement. *See* Agreement ¶ 6; Partial Final Award 2–3; Final Award 2–5. The court is therefore satisfied that the claims resolved at

5

arbitration are within the scope of the parties' Agreement. Furthermore, although the defendants were served in this case, the defendants have failed to answer CMH's Petition or otherwise make a showing of any grounds for vacating the arbitration award. Accordingly, the Court **GRANTS** the Motion for Default Judgment [ECF No. 13] and the Petition to Confirm Arbitration Award [ECF No. 1] and **CONFIRMS** the arbitrator's award of $1,165,289.20 plus interest accruing at 3% beginning on July 1, 2016, and $412,088.36 plus interest accruing at 3% beginning on November 9, 2016. *See* Partial Final Award 8; Final Award 5.

## IV.    CONCLUSION

For the foregoing reasons, the Motion for Default Judgment [ECF No. 13] and the Petition to Confirm Arbitration Award [ECF No. 1] are **GRANTED**. A separate order will follow entering default judgment in the amount of $1,165,289.20 plus interest accruing at 3% beginning on July 1, 2016, and $412,088.36 plus interest accruing at 3% beginning on November 9, 2016.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     February 23, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6